IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Samuel W. Rylee, #52476-019, ) | |
| ) | Civil Action No. 8:08-1643-PMD-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **Report and Recommendation** |
| ) | **of Magistrate Judge** |
| ) | |
| Bureau of Prisons, Dr. Z. ) | |
| Robert Vendel, and ) | |
| Warden M.L. Riveria, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). This matter is before the Court on the plaintiff's motions for preliminary injunction and temporary restraining order. [Doc. 20, 44.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

In his preliminary injunction motion, the plaintiff contends that the defendants have refused to provide him with medically recommended cataract surgery because "there is a [sic] informal policy at F.C.I. Estill of giving low priority to the medical needs of

white inmates and of refusing to provide them with medical care outside the prison unless . . . life-threatening. [Doc. 20 at 2.]

To obtain a preliminary injunction, a court must consider: (1) the plaintiff's irreparable injury if the interim relief is denied, (2) injury to the defendants if an injunction is issued, (3) the plaintiff's likelihood of success on the merits, and (4) the public interest. *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997). "[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Federal Leasing, Inc. v. Underwriters at Lloyd's,* 650 F.2d 495, 499 (4th Cir. 1981). "[A]bsent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons . . . ." *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994). Further "[t]he harm demonstrated by the plaintiff must be neither remote nor speculative, but actual and imminent." *Manning*, 119 F.3d at 263 (internal quotation marks omitted).

Here, the plaintiff cannot demonstrate irreparable harm if his motion is denied. The plaintiff contends that in the absence of the requested surgery his daily living is impeded by pain and discomfort and that he suffers an increased risk of losing vision in that eye permanently. The Court, under no circumstances, takes these concerns lightly. Unfortunately, the Court sees claims of comparable seriousness on a daily basis but is constrained by law to refrain from action in the absence of a proper evidentiary showing. Notwithstanding the plaintiff's declaration, the Court has no medical evidence submitted in conjunction with this motion to corroborate the plaintiff's claims of medical exigency.

He has not demonstrated either the risk of permanent damage to his eye or the imminency of such risk – that it is actual and imminent.

Moreover, while the plaintiff claims that he will succeed on the merits and has cited some law to that extent, he has not in fact produced the necessary evidence.

As to the plaintiff's motion for a temporary restraining order, that motion concerns whether the defendants have discontinued providing the plaintiff hemorrhoid medication in retaliation for his having filed this present action. Those allegations, however, are unrelated to the plaintiff's present concerns over cataract surgery. The plaintiff, therefore, would be required to file a separate action regarding his hemorrhoid medication and the alleged retaliation, demonstrating exhaustion of those issues.

Wherefore, based on the foregoing, it is RECOMMENDED that the plaintiff's motions for a preliminary injunction and temporary restraining order [Doc. 20, 44] should be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 13, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).