IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Samuel W. Rylee, #52476-019, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Bureau of Prisons, Dr. Z. )<br>Robert Vendel, and )<br>Warden M.L. Riveria, )<br>)<br>Defendants. )<br>) | Civil Action No. 8:08-1643-PMD-BHH<br><br>**Report and Recommendation**<br>**of Magistrate Judge** |

The plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). This matter is before the Court on the defendants' motion for summary judgment. [Doc. 27.] The plaintiff has been informed of his obligations to respond and has, in fact, filed two responses. [Doc. 31, 43.] The plaintiff alleges that the defendants were deliberately indifferent to his need for cataract surgery. He has styled his Complaint as a Writ of Mandamus intended to force the defendants to provide him with the surgery.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A court may not construct the petitioner's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*,

477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

The plaintiff alleges that the defendants have refused to allow him to have cataract surgery as recommended by an optometrist. The defendants all contend that they are entitled to summary judgment because the plaintiff has failed to establish they were deliberately indifferent to these concerns. The undersigned agrees.

The Eighth and Fourteenth Amendments require the government "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

Deliberate indifference is a very high standard. In *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *See Estelle*, 429 U.S. at 104; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D.

Va. 1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("The affidavits submitted to the District Court reflect that Russell was under constant medical supervision from the time of his arrival at Botetourt. Questions of medical judgment are not subject to judicial review.").

It is undisputed between the parties that, on June 27, 2007, a consultant optometrist, diagnosed the plaintiff with cataracts of the right eye and Presbyopia (cannot focus on things up close). (Vendel Decl. ¶ 4; Ex. 3 at 17, 22). The plaintiff was referred to the optometrist by the medical staff of the defendants and after the medical staff had already examined the plaintiff and diagnosed him with an Error Refraction. (Vendel Decl. ¶ 4; Ex. 3 at 22.) The optometrist prescribed eyeglasses for the plaintiff and recommended a referral to an ophthalmologist for cataract surgery. *Id*. The recommendation for cataract surgery was reviewed by Defendant Vendel to see if Plaintiff qualified for the surgery according to the Federal Bureau of Prisons

Ophthalmology Guidelines. (Vendel Decl. ¶ 4.) The defendants have submitted evidence that, according to the Ophthalmology Guidelines, the following criteria must be met before cataract surgery will be approved: "There must be documentation of a best-corrected visual acuity of less than 20/60 in both eyes with current (less than six months old) refraction." *Id*.; (Def. Ex. 6 at 5.) It is undisputed that while the plaintiff has been diagnosed with, as severe as, 20/400 in his right eye, his left eye has never been any worse than 20/30. (Vendel Decl. ¶ 4.) Further, Defendant Vendel reviewed the Ophthalmology Guidelines with the treating optometrist who also agreed that the plaintiff did not meet the criteria for cataract surgery. *Id*. Therefore, based on the Guidelines and the finding of the optometrist, Defendant Vendel did not refer the plaintiff for surgery since the cataract surgery was considered elective in nature and not medically necessary at that time. *Id*. (Ex. 3 at 17, 22; Ex. 5 at 5.)

The plaintiff essentially makes no response to this evidence. He does not dispute the medical condition of his eyes as described. He does not dispute that he was seen by an optometrist on 3 separate occasions on referral of the defendants' own medical staff. He does not dispute or bring forward evidence that the optometrist did not ultimately agree that the plaintiff's condition failed to meet the Guidelines. The plaintiff has not produced any other evidence of his eye condition nor does he contend that the evidence before the Court is incomplete. Rather, he simply disagrees with the course of treatment. This is insufficient grounds for a deliberate indifference claim. As stated, the type and amount of medical care is discretionary. *See Brown*, 868 F. Supp. 326. The

mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation.  *See, e.g., Russell*, 528 F.2d at 319 ("The affidavits submitted to the District Court reflect that Russell was under constant medical supervision from the time of his arrival at Botetourt. Questions of medical judgment are not subject to judicial review.").

Under similar circumstances, other courts have agreed that whether or not cataract surgery is elective is a medical judgment, which should be left to the discretion of the institutional physicians.  *See, e.g., Stevenson v. Pramstaller*, 2008 WL 5085145, at *3 (E.D. Mich. October 02, 2008) ("Plaintiff's complaint is a disagreement over his course of treatment. He has failed to satisfy either prong of the deliberate indifference test."); *Williams v. Shelton*, 2008 WL 2789031, at *3 (D. Or. July 16, 2008) (finding no evidence that delay in cataract removal surgery caused any harm).

The plaintiff makes some argument that the Guidelines at issue were not even adopted until February 2008, after surgery had already been recommended and denied. (Pl. Ex. B.)  The plaintiff relies on the fact that the policies submitted are dated February 2008.  *Id*.  While this is some evidence, it does not necessarily mean that the date printed corresponds to the date promulgated.  Ultimately, however, the point is not dispositive.  With or without the guidelines, the medical necessity of the surgery was a discretionary call for the defendants.  Defendant Vendel has offered his professional opinion that delaying the surgery will not cause irreparable harm and will not alter the

8

likelihood of success of the procedure. (Vendel Decl. ¶ 5.) The plaintiff may not prevail based on his conclusary denial that this medical opinion is invalid.

He has not produced any evidence that failure to have surgery will result in "a life-long handicap or permanent loss.'" *Coppage*, 906 F. Supp. at 1037. And even if the defendants' actions amounted to negligence or malpractice it cannot be said that their treatment was "so grossly incompetent, inadequate or excessive as to shock the conscience." *Miltier,* 896 F.2d at 851.

In all, the plaintiff was referred to the optometrist by the defendants' medical staff on 3 separate occasions and seen by the defendants themselves on numerous other occasions. (Vendel Dec. ¶ 4.) The plaintiff continues to be monitored. *Id*. ¶¶ 4-5. The evidence of record is susceptible of only one interpretation that the defendants have been affirmatively attentive to his medical needs and not deliberately indifferent. He has produced no evidence of any injury as a result of the defendants' actions and he has not created issues of fact as to their intent to do him harm. He simply disagrees with their professional conclusion.

This is not to say that the Court does not empathize with the plaintiff's understandable frustration. The Court does not take lightly his undisputed condition. But as an incident of his incarceration, he has forfeited some measure of control and discretion over the medical treatment available to him.

It should also be noted that in the plaintiff's objections to the Court's recommendation [Doc. 60] concerning his motion for a preliminary injunction, the plaintiff

contends that his hands are "tied" insofar as he needs medical evidence to establish his claim but the Court has denied him the ability to participate in discovery [Doc. 64]. This is not an accurate representation of the procedural facts in this case. First, the plaintiff conducted no discovery prior to the deadline for dispositive motions in this case, a deadline of which he should have been aware. [See Doc. 12.] Second, the plaintiff filed a motion to compel [Doc. 49], to which the defendants responded that they had served, out of an abundance of caution, the plaintiff's medical records twice. [Doc. 52.]

The plaintiff has not further explained why these medical records could not have been submitted with his response to summary judgment, were insufficient, or somehow incomplete. He did not seek any extension of time to supplement his summary judgment response. As stated, the plaintiff submitted nothing in conjunction with his original response [Doc. 31] and nothing new in regards to his second response [Doc. 43]. It is his obligation to do so. Fed. R. Civ. P. 56. The Court did not deny him any opportunity; he simply elected to delay in retrieving the information until after the defendants' motion for summary judgment had been filed. Moreover, he has made no effort to explain what other medical records he needs beyond those already produced to him by the defendants in conjunction with their motion for summary judgment.

Lastly, the plaintiff continues to make various statements concerning hemorrhoids and anal fissures. The plaintiff, however, has already instructed the plaintiff that those allegations are unrelated to the plaintiff's present concerns over cataract surgery. [Doc. 60.] The plaintiff, therefore, would be required to file a separate action regarding his

hemorrhoid medication and the alleged retaliation, demonstrating exhaustion of those issues. Such allegations were not included in his Complaint.

The Court knows of no basis to grant the mandamus relief as requested. The plaintiff has not created issues of fact sufficient to survive summary judgment.

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the defendants' motion for summary judgment [Doc. 27] should be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks  
United States Magistrate Judge

January 29, 2008  
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).