IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel W. Rylee, #52476-019, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 8:08-CV-1643-PMD-BHH |
| v. ) | |
| ) | |
| Bureau of Prisons, Dr. Z. Robert ) | **ORDER** |
| Vendel, and Warden M.L. Riveria, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Samuel W. Rylee's ("Plaintiff") objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order be denied. Having reviewed the entire record, including the Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

### I. Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Order

Plaintiff, a federal prisoner proceeding *pro se*, sought a preliminary injunction on July 8, 2008 that would require Defendants to provide Plaintiff with cataract surgery. Plaintiff provided a Declaration to support his Motion for Preliminary Injunction, in which he attests that a Dr. McKinzie diagnosed his right eye as having a cataract and referred him for surgery to remedy the problem. Plaintiff has yet to get the surgery, and he claims this delay has caused him to go blind in that eye. Plaintiff believes he has not received the cataract surgery because the prison has an informal policy that gives low priority to the medical needs of white inmates and because

Defendants refuse to provide prisoners with medical care outside the prison unless their medical condition is life-threatening. On October 10, 2008, Plaintiff also sought a temporary restraining order to prevent what Plaintiff alleges to be retaliation for filing his Motion for Preliminary Injunction to obtain cataract surgery. According to Plaintiff, Defendants engaged in a "campaign of harassment" by denying him medicine he depends on to alleviate medical problems associated with hemorrhoids.

## II.     Magistrate Judge's Report and Recommendation

As to Plaintiff's request for a preliminary injunction requiring Defendants to provide Plaintiff with cataract surgery, the Magistrate Judge recommended the court deny the motion. The Magistrate Judge concluded that Plaintiff did not make the proper evidentiary showing that revealed he would suffer irreparable harm if the injunction was not granted. As to Plaintiff's request for a temporary restraining order to stop the alleged denial of medicine necessary to treat problems associated with his hemorrhoids, the Magistrate Judge concluded that this allegation is unrelated to Plaintiff's request for cataract surgery, and therefore, Plaintiff needs to file a separate action with the court that demonstrates he exhausted his administrative remedies as to that issue.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R

that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION OF PLAINTIFF'S OBJECTIONS

### I.  Preliminary Injunction for Cataract Surgery

The grant or denial of a preliminary injunction is governed by the *Blackwelder* analysis, which has three steps. *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189 (4th Cir. 1977). First, the court must "balance the 'likelihood' of irreparable harm to the plaintiff [if the injunction is denied] against the 'likelihood' of harm to the defendant [if the injunction is granted]." *Id.* at 195. Second, the court must determine whether the plaintiff is likely to succeed on the merits. *Id.* at 196. However, if the balance in the first step is struck in favor of the plaintiff and there are grave or serious questions presented, the plaintiff need not also show likely success on the merits. *Id.* The importance of showing likelihood of success increases as the probability of irreparable harm diminishes. *Id.* at 195. The third step of the analysis is the court's determination of where the "public interest" lies with regard to the grant or denial of the preliminary injunction. *Id.* at 196–97. A preliminary injunction is an extraordinary

remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought.

Plaintiff objects to the Magistrate Judge's statement that "the court has no medical evidence submitted in conjunction with this motion to corroborate the Plaintiff's claims of medical exigency. He has not demonstrated either the risk of permanent damage to his eye or the imminency of such risk." Plaintiff explains that he sought a continuance under Federal Rule of Civil Procedure 56(f) to conduct pre-trial discovery, but the Magistrate Judge denied him this opportunity. The Magistrate Judge did deny Plaintiff's Motion to Continue in a text order that stated, "The plaintiff did not seek additional time for discovery prior to the termination of the dispositive motions deadline and has not demonstrated any good cause for failing to do so." This action by the Magistrate Judge, however, deals with a different motion filed in this suit. Thus, the court agrees with the Magistrate Judge's recommendation to deny Plaintiff's Motion for a Preliminary Injunction based on Plaintiff's failure to demonstrate irreparable harm if his motion is denied.

As the Magistrate Judge noted, the court recognizes the severity of Plaintiff's alleged pain and discomfort accompanied by his alleged risk of permanent loss of vision in his right eye. Although Plaintiff provided a declaration in which he attested to the need for cataract surgery, this evidence, alone, does not qualify as a sufficient showing of irreparable harm. Plaintiff mentions in his declaration that a Dr. McKinzie diagnosed his right eye as having a cataract and recommended surgery; however, Plaintiff offered no proof that Dr. McKinzie's reached these medical conclusions. Plaintiff has also failed to provide any evidence to support his allegation that Defendants have an informal policy of giving low priority to the medical needs of white

inmates. Since Plaintiff has failed to show proof of irreparable harm, the court denies his Motion for a Preliminary Injunction.

## II.     Temporary Restraining Order for Hemorrhoid Medicine

Plaintiff filed no objections to the Magistrate Judge's recommendation that Plaintiff's Motion for a Temporary Restraining Order regarding his hemorrhoidal problems is unrelated to Plaintiff's request for cataract surgery, and therefore, Plaintiff needs to file a separate action with the court that demonstrates he exhausted his administrative remedies as to that issue. In the absence of objections to the Magistrate Judge's R&R, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## CONCLUSION

Based on the foregoing, the court **DENIES** Plaintiff Samuel Wayne Rylee's Motion for a Preliminary Injunction to obtain cataract surgery and **DISMISSES**, without prejudice, his Motion for a Temporary Restraining Order for medical treatment concerning his hemorrhoidal problems.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**February 2, 2009**