# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samuel W. Rylee, #52476-019, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 8:08-CV-1643-PMD-BHH |
| v. | ) | |
| | ) | |
| Bureau of Prisons, Dr. Z. Robert | ) | **ORDER** |
| Vendel, and Warden M.L. Riveria, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Samuel W. Rylee's ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that the court grant Defendants' Motion for Summary Judgment. Having reviewed the entire record, including the Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Plaintiff, a federal prisoner proceeding *pro se*, seeks relief pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff asserts that Defendants have exhibited a deliberate indifference to his medical need for cataract surgery, as recommended by an optometrist, and asks the court to require Defendants to provide him with such surgery. The record, as further discussed in the following paragraphs, indicates that doctors have assessed Plaintiff's right eye with a cataract, and because of such impairment, the vision in his right eye has rapidly deteriorated. Meanwhile, the vision in Plaintiff's left eye has remained the same. Although all the optometrists that have evaluated Plaintiff have recommended he receive cataract

surgery, the Federal Bureau of Prison Guidelines on Patient Care does not require Bureau physicians to follow all consultation's recommendations. Since the Federal Bureau of Prison's Ophthalmology Guidelines require both of an inmate's eyes to have a best-corrected visual acuity of less than 20/60 for at least six months and only the vision of Plaintiff's right eye meets this criterion, Defendants have elected not to allow Plaintiff to receive cataract surgery.

Beginning on April 5, 2007, after receiving complaints from Plaintiff about his eyes, the medical staff at the Federal Correctional Institution in Estill, South Carolina ("FCI, Estill") referred Plaintiff for an evaluation by an optometrist. After being evaluated by the optometrist on June 27, 2007, the optometrist found that Plaintiff had 20/80 vision in his right eye and 20/30 vision in his left eye, and diagnosed Plaintiff with cataracts of the right eye and Presbyopia (cannot focus on things up close). The optometrist prescribed eyeglasses for Plaintiff and recommended a referral to the ophthalmologist for cataract surgery. This recommendation for cataract surgery was reviewed by Defendant Dr. Z. Robert Vendel, the Clinical Director at FCI, Estill. Dr. Vendel assessed whether Plaintiff qualified for cataract surgery according to the Federal Bureau of Prisons Ophthalmology Guidelines, which requires that "[t]here must be documentation of a best-corrected visual acuity of less than 20/60 in both eyes with current (less than six months old) refraction." Based on his assessment, Dr. Vendel did not concur with the recommendation for cataract surgery. Instead, he documented a treatment plan to monitor Plaintiff every six months. At this time, Dr. Vendel believed that, although Plaintiff had visually significant cataracts in his right eye, his left eye corrective vision enabled him to perform his daily activities.

On December 21, 2007, the medical staff at FCI, Estill examined Plaintiff's vision again and concluded that his vision was 20/80 in his right eye and 20/30 in his left eye. On February

21, 2008, Dr. Vendel evaluated Plaintiff after he complained of visual deterioration in his right eye and burning and excessive lacrimation in his left eye. Dr. Vendel assessed Plaintiff with cataracts in his right eye and found Plaintiff's left eye to be normal. Dr. Vendel referred Plaintiff to an optometrist, and on February 27, 2008, the optometrist also assessed Plaintiff with cataracts of his right eye. As of this date, Plaintiff's vision was 20/30 in his left eye and 20/400 in his right eye, and the optometrist recommended cataract surgery for Plaintiff. Dr. Vendel attested that he informed the optometrist of the Federal Bureau of Prison's criteria for when cataract surgery will be approved for an inmate and that the optometrist agreed that Plaintiff did not meet those guidelines.

On August 20, 2008, Plaintiff was evaluated by an optometrist, which—again—assessed him with cataracts of his right eye. As of this date, Plaintiff's vision was 20/30 in his left eye and 20/CF (count fingers) in his right eye. Again, the optometrist recommended cataract surgery, and again, Defendants denied Plaintiff the surgery because it was considered only elective in nature under the Bureau of Prison's Guidelines due to Plaintiff's left eye having 20/30 vision. Plaintiff filed suit, alleging that Defendants violated his constitutional rights because they have continuously denied him cataract surgery for his right eye, as recommended several times by an optometrist.

## STANDARD OF REVIEW

### I.  The Magistrate Judge's Report and Recommendation

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written

objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

**II.    Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)).

Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477

U.S. at 327. The court remains mindful that Plaintiff is a *pro se* petitioner, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

In their Motion for Summary Judgment, Defendants concede that Plaintiff has exhausted his administrative remedies with respect to his claim for cataract surgery; therefore, the court may proceed with its review of Plaintiff's assertion that Defendants have exhibited a deliberate indifference to his serious medical needs.[1]

It is well established that deliberate indifference by prison personnel to an inmate's serious illness or constitutes cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976). To prove a claim of deliberate indifference to a serious injury under the Eighth Amendment, a plaintiff must show that a defendant's "action or inaction [1] result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively results in denial of the 'minimal civilized measure of life's necessities' and [2] a 'sufficiently culpable state of mind.'" *Winfield v. Bass,* 106 F.3d 525, 531 (4th Cir. 1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 831–34 & n. 2 (1994)). In order to be liable for deliberate indifference, the plaintiff must prove that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also that he had drawn the inference. *See Young v. City of Mount Rainer*, 238 F.3d 567, 575–76 (4th Cir. 2001) ("Deliberate

---

[1] The Magistrate Judge found that any statements made by Plaintiff concerning hemorrhoids and anal fissures are unrelated to his present case over cataract surgery; therefore, he instructed Plaintiff to file a separate action regarding those issues. Plaintiff did not object to this recommendation. Thus, the court is not required to give any explanation for adopting it. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

indifference requires a showing that the defendants . . . actually knew of and ignored a detainee's serious need for medical care."). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g.*, *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

Defendants moved for summary judgment on the ground that Plaintiff has failed to show they acted with deliberate indifference when declining to afford Plaintiff with cataract surgery. The Magistrate Judge recommended that the court grant Defendants' Motion for Summary Judgment. He noted that Plaintiff did not contend that the evidence before the Court is incomplete nor did he produce any contradictory evidence that showed the vision in both of his eyes did, in fact, satisfy the Bureau of Prison's Ophthalmology Guidelines and warranted cataract surgery. (R&R at 7.) The Magistrate Judge characterized Plaintiff's case as a mere disagreement with the course of treatment taken by the Defendants, which the Magistrate Judge concluded was insufficient grounds for a deliberate indifference claim. *Id.* Plaintiff objected to this recommendation on several grounds.

First, Plaintiff argues that he has not had adequate time for discovery; therefore, any motion for summary judgment is premature. The court disagrees. The Magistrate Judge issued a scheduling order on June 17, 2008 that notified Plaintiff and Defendants that all dispositive motions from defendants had to be filed no later than forty-five days after the answer of that particular defendant had been filed. (*See* Doc. 12.) The Magistrate Judge found that Plaintiff conducted no discovery prior to this deadline. Furthermore, Defendants have represented that they have served Plaintiff with his medical records twice, out of an abundance of caution, and Plaintiff has made no effort to explain what other medical records he needs concerning his claim that he needs cataract surgery. Although the Magistrate Judge did issue Defendants request for a

protective order on January 8, 2009 that stayed any additional discovery until the court ruled on their Motion for Summary Judgment, Plaintiff has had ample time to conduct whatever discovery he thought he needed.

Second, Plaintiff argues that a triable issue exists over whether or not Defendants exhibited "deliberate indifference" to his need for cataract surgery. Specifically, Plaintiff asserts that Defendants exhibited deliberate indifference to his medical needs by choosing to adhere to the Federal Bureau of Prison's Ophthalmology Guidelines rather than following the optometrist's recommendation of cataract surgery. Deliberate indifference is a very high standard, and although the court does not take lightly the undisputed condition of Plaintiff's right eye, it disagrees with Plaintiff's contentions. Deliberate indifference may be demonstrated by proof that Defendants actually knew of a substantial risk of serious harm and failed to act. *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994). Thus, deliberate indifference "describes a state of mind more blameworthy than negligence." *Id.* at 835.

The record before the court indicates that Defendants have acted in regards to Plaintiff's eye problems. Dr. Vendel provided a declaration, in which he declared that the medical staff continues to monitor Plaintiff's vision and cataracts. Furthermore, in his professional opinion, he attests that, while cataract surgery on Plaintiff's right eye would improve the vision in that eye, waiting to have the surgery "will most likely not cause him to have irreparable damage to his eye since he is being monitored." (Vendel Decl. at ¶ 5.) Also, Dr. Vendel declared that "[a]ny delay in performing the surgery will not likely alter the success of the procedure." (*Id.*) Finally, Dr. Vendel declared that "[w]hen Mr. Rylee meets the criteria to have the cataract surgery (vision in both eyes is less than 20/60 for six months) and his condition interferes with his activities of daily living, Mr. Rylee will be considered for cataract surgery." (*Id.*) These statements indicate

that Defendants are aware of the risk of harm to Plaintiff's right eye and have chosen to act by monitoring Plaintiff's vision until he meets prison guidelines to have the surgery. Thus, the record, in no way, reflects that Defendants exhibited deliberate indifference to Plaintiff's condition. Defendants' decision to adhere to federal prison guidelines rather than follow the optometrist's recommendation of cataract surgery constitutes a difference of medical opinion, which is insufficient, by itself, to raise a triable issue of deliberate indifference. *Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994); *see also Samonte v. Bauman*, 264 F. App'x 634, 636 (9th Cir. 2008); *Hill v. Haviland*, 68 F. App'x 603, 604 (6th Cir. 2003); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("We disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.")).

Finally, Plaintiff asserts that Defendant Dr. Z. Robert Vendel is not qualified to monitor and exercise judgment over his eye condition. He bases this argument on the fact that Dr. Vendel does not appear to be licensed to practice medicine in South Carolina. According to Dr. Vendel's declaration, he is licensed to practice medicine in Georgia, although he has been employed as a physician for F.C.I., Estill since 1998. Regardless of the technicalities surrounding Dr. Vendel's state-license status, he has continuously referred Plaintiff to an optometrist, who presumably is licensed to practice in South Carolina, and the optometrist's own medical conclusions reveal that Plaintiff has failed to satisfy prison guidelines for cataract surgery. Therefore, the court also disagrees with Plaintiff's assertion that Defendants' continued monitoring of his eye condition, which includes referrals to outside optometrists, exhibits deliberate indifference to his medical needs.

Because the court finds that Plaintiff has not raised a triable issue over whether Defendants exhibited deliberate indifference to his medical needs, it does not address the issue of whether Plaintiff has shown a genuine issue of fact with respect to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (noting that the Eighth Amendment standard contains both subjective and objective components).

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Defendants' Motion for Summary Judgment.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 9, 2009**